UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR ALBUREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CRC HEALTH GROUP, INC., a Delaware Corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.  10 CV 1029 LAB (NLS)<br><br>**STIPULATION TO ENTRY OF PROTECTIVE ORDER AND ORDER** |

1       WHEREAS, Plaintiff Edgar Alburez and CFC Health Group, Inc. are engaged in discovery that will require the production of documents that contain or disclose trade secrets or other confidential technical, business, or financial information; and

      THEREFORE, the parties stipulate to, and apply jointly to the Court for, entry of this Protective Order as follows:

      1.    This Protective Order shall govern any designated record of information produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents (including, without limitation, computer and electronic files), and other discovery materials (whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery).

      2.    Each party shall have the right to designate as confidential and subject to this Protective Order any information, document, or portion of any documents produced by it in this litigation which contains trade secrets or other confidential technical, business, or financial information.  This designation shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without the legend, by furnishing written notice to the receiving party that the information or document shall be designated as CONFIDENTIAL under this Protective Order.  With respect to all materials provided by one party for inspection by another party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by counsel.  Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

      3.    Each party and all persons bound by the terms of this Protective Order shall use any information or document designated as CONFIDENTIAL only for the purpose of prosecution or defense of this action.  No such party or other person shall use any information designated as CONFIDENTIAL for any purpose other than the prosecution or defense of this action.  The

1   attorneys of record for the parties shall exercise reasonable care to insure that the information and

2   documents governed by this Protective Order are (i) used only for the purposes specified herein,

3   and (ii) disclosed only to persons to whom disclosure of such information and documents is

4   authorized by this Protective Order.

5         4.   Except as otherwise provided by written stipulation of the parties or by further

6   order of the Court, documents or information designated CONFIDENTIAL may be disclosed

7   only to counsel of record and their secretarial and legal assistants and, on a need-to-know basis

8   only and subject to paragraph 5 of this Protective Order, to the parties, to employees of the

9   parties, and to consultants and experts retained by the parties or their attorneys for purposes of

10  this litigation (including, without limitation, persons engaged in the scanning, copying, and/or

11  coding of such information or documents).

12        5.   In no event shall any information or documents designated as CONFIDENTIAL

13  be disclosed to any person other than the parties' counsel and their secretarial and legal assistants

14  pursuant to Paragraph 4 of this Protective Order until such person has executed a written

15  confidentiality agreement acknowledging and agreeing to be bound by the terms of this Protective

16  Order, and consenting to be subject to the personal jurisdiction of the United States District Court

17  for the Southern District of California for any proceeding relating to enforcement of this

18  Protective Order, in the form set forth in Exhibit A hereto.

19        6.   Documents and information designated CONFIDENTIAL shall include (a) all

20  copies, extracts, and complete or partial summaries prepared from such documents or

21  information; (b) portions of deposition transcripts and exhibits that contain or reflect the content

22  of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any

23  other writing filed with the Court and exhibits that contain or reflect the content of any such

24  documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance

25  with Paragraph 7; and (e) testimony taken at a hearing or other proceeding that is designated in

26  accordance with Paragraph 8.

27        7.   Deposition transcripts, or portions thereof, may be designated as subject to this

28  Protective Order either (1) before or immediately after the testimony is recorded, in which case

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21751711.2                    2                    STIPULATION TO ENTRY OF PROTECTIVE
                                                       ORDER AND [PROPOSED] ORDER

1 the transcript of the designated testimony shall be bound in a separate volume conspicuously
2 labeled CONFIDENTIAL by the reporter, as appropriate, or (2) by written notice to the reporter
3 and all counsel of record, given within ten (10) days after the transcript is received by the witness
4 or his counsel or by any party or its counsel, in which case all counsel receiving such notice shall
5 be responsible for marking the copies of the designated transcript in their possession or under
6 their control as directed by the designating party.  The designating party shall have the right to
7 exclude the following persons from a deposition before taking of testimony which the designating
8 party designates as CONFIDENTIAL subject to this Protective Order:  all persons except the
9 court reporter, counsel of record, the deponent, the parties (or the designated representative of a
10 party), and any consultant or expert retained for purposes of this litigation.

11       8. With respect to testimony elicited during hearings and other court proceedings,
12 whenever counsel for any party deems that any question or line of questioning calls for the
13 disclosure of information that should be kept CONFIDENTIAL, counsel may designate on the
14 record prior to such disclosure that the disclosure is CONFIDENTIAL.  Whenever matter
15 designated CONFIDENTIAL is to be discussed in a hearing or other court proceeding, any party
16 claiming such confidentiality may exclude from the room any person who is not entitled under
17 this Protective Order to receive such information, subject to any ruling by the Court respecting
18 the designation of such information as CONFIDENTIAL.

19       9. Notwithstanding any other provisions of this Order, nothing shall prohibit counsel
20 for a party from disclosing a document, whether designated as CONFIDENTIAL, to any
21 employee, officer, or director of the party who produced the document or information so
22 designated.

23       10. Any information or documents designated as CONFIDENTIAL, if filed with the
24 Court, shall be filed and kept by the Court under seal and shall be made available only to the
25 Court and to persons authorized by the terms of this Protective Order.  Provided, however, that
26 nothing shall be filed under seal, and the court shall not be required to take any action, without
27 separate prior order by the Judge before whom the hearing or proceeding will take place, after
28 application by the affected party with appropriate notice to opposing counsel.  If the court grants a

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/21751711.2

3

STIPULATION TO ENTRY OF PROTECTIVE
ORDER AND [PROPOSED] ORDER

party permission to file an item under seal, the party filing any pleading or paper which reflects, contains, or includes any information or document subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the title of the pleading or paper, the party filing materials, the nature of the materials filed, the legend CONFIDENTIAL, and a statement which provides in substance: "Subject to Protective Order issued by United States District Court for the Southern District of California. This should not be opened nor its contents disclosed, revealed, copied, or made public except in compliance with that Protective Order." A duplicate disclosing all non-confidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under deal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously. At the conclusion of this case, any materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided for in Paragraph 14.

11.    Any party may mark any documents or information designated as CONFIDENTIAL as an exhibit to a deposition, hearing, or other proceeding and examine any witness thereon, provided (i) the witness previously has executed a written confidentiality agreement in the form of Exhibit A hereto, (ii) the exhibit and related transcript pages receive the same type of confidentiality designation as the original document, (iii) there is reason to believe this witness has knowledge or information to which such designated material is relevant, and (iv) the witness is entitled to see the document pursuant to the terms of this Protective Order.

12.    This Protective Order shall not preclude any party from withholding production of especially sensitive trade secrets even though less sensitive trade secrets may be disclosed under either the CONFIDENTIAL designations. Any party so limiting disclosure shall state, in response to any particular discovery request seeking such trade secrets, that it is doing so on trade secret grounds and provide a general description sufficient (without disclosing the trade secret) to identify the information or documents being withheld. For documents, such identification shall

1  include the document's date, author, recipients (including carbon copy recipients), and general

2  subject matter.  No party is precluded from applying to the Court for an Order permitting the

3  disclosure or use of information or documents otherwise prohibited by this Protective Order, or

4  from applying for an Order modifying this Protective Order in any respect.  No party shall be

5  obligated to challenge the propriety of any confidentiality designation (whether

6  CONFIDENTIAL) and failure to do so shall not preclude a subsequent attack on the propriety of

7  such designation.

8       13. On any motions challenging the withholding of documents or information or

9  seeking greater disclosure of documents or information designated CONFIDENTIAL than

10 allowed by this Protective Order without court order, the parties' respective burdens of proof shall

11 be as outlined in <u>Bridgestone v. Superior Court</u>, 7 Cal. App. 4th 1384 (1992).  Any withheld

12 material ordered by the Court to be disclosed shall be deemed classified CONFIDENTIAL under

13 this Protective Order unless the Court orders otherwise, and any such order may include

14 additional safeguards to protect the disclosed material from further disclosure.  Any party ordered

15 to disclose information that was initially withheld from production may seek writ review of that

16 order.

17      14. Upon final termination of this action, including all appellate proceedings, unless

18 otherwise requested in writing by an attorney of record for the designating party to return material

19 designated as CONFIDENTIAL to the party from whom the designated material was obtained,

20 each party shall destroy all material designated as CONFIDENTIAL, including all copies,

21 extracts and summaries thereof.  Proof of such destruction, in the form of a declaration under oath

22 by a person with personal knowledge of the destruction, will be supplied by each party to all

23 counsel of record.

24      15. No part of the restrictions imposed by this Protective Order may be terminated,

25 except by the written stipulation executed by counsel of record for each designating party, or by

26 an order of this Court for good cause shown.  The termination of this action shall not terminate

27 this Protective Order.

28

16. The parties may modify this Protective Order only by written stipulation approved by the Court. The Court may modify the Protective Order in the interests of justice or for public policy reasons.

Dated: June 14, 2010                                   HARRISON PATTERSON & O'CONNOR LLP


                                                       By:    /s/ James Patterson
                                                              James Patterson
                                                              Attorneys for Plaintiff
                                                              EDGAR ALBUREZ


Dated: June 14, 2010                                   MORGAN, LEWIS & BOCKIUS LLP


                                                       By:    /s/ Barbara J. Miller
                                                              Barbara J. Miller
                                                              Attorneys for Defendant
                                                              CRC HEALTH GROUP, INC.


**ORDER**

IT IS SO ORDERED.

Date: June 22, 2010                                    _____
                                                       NITA L. STORMES
                                                       U.S. Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR ALBUREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CRC HEALTH GROUP, INC., a Delaware Corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 10 CV 1029 LAB (NLS)<br><br>**EXHIBIT A TO PROTECTIVE ORDER:**<br><br>**ACKNOWLEDGEMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND CERTIFICATE OF COMPLIANCE**<br><br>Complaint Filed:  April 14, 2010<br>Trial Date:            None Set |

I certify that I have received and carefully read a copy of the Stipulation to Entry of Protective Order, and Order thereon, in the above-captioned case and that I fully understand the terms of the Court's Order. I recognize that I am bound by the terms of this Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of California for any proceedings involving the enforcement of that Order.

I declare under penalty of perjury pursuant to the laws of the United States and California that the foregoing is true and correct. Executed this _____ day of _____, 2010, at _____, _____.

Name: _____

Affiliation: _____

Business Address: _____

Home Address: _____

Signature: _____